UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EVAN RATCLIFF,

Plaintiff,

v.

ROMEO RARANAS,

Defendant.

Case No. 2:18-cv-00721-RFB-CWH

**TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff Evan Ratcliff's Motion for Emergency Injunction. ECF No. 9. For the reasons stated below, the Court issues a Temporary Restraining Order ("TRO") at this time and defers a decision on a permanent injunction pending a hearing.

**I.    BACKGROUND**

Plaintiff filed a Motion to Proceed *in Forma Pauperis* on April 19, 2018. ECF No. 1. The Court denied this Motion without prejudice on April 24, 2018. ECF No. 4. Plaintiff filed two additional Motions to Proceed *in Forma Pauperis* on May 25, 2018 and June 15, 2018. ECF Nos. 7, 8. No screening order has been issued.

Plaintiff filed a Motion for Preliminary Injunction and/or Protective Order on July 23, 2018. ECF No. 9. Plaintiff alleged the following facts. Plaintiff is an inmate at High Desert State Prison who had a corneal transplant in February of 2018. A doctor prescribed Plaintiff specific eye drops that he must receive or his body is in danger of rejecting the transplant. Plaintiff alleged that at least twice since undergoing the transplant surgery, he had to go two weeks or more without

his eye drops because the prison staff did not fill his prescription in a timely manner, despite him making multiple complaints.

The Court held a hearing on August 1, 2018. ECF No. 18. The Court ordered the Attorney General's office to write and send a letter to the medical staff at High Desert State Prison requesting that the facility have the refill available for Plaintiff no later than August 15, 2018, but denied the motion for a preliminary injunction without prejudice given Defendant's voluntary effort to address the concerns raised in Plaintiff's motion. ECF No. 18.

In Plaintiff's instant motion, Plaintiff alleges that prison staff is again refusing to fill his prescription for eye drops as medically needed. Plaintiff provides his prescription, Ex. B, and an Emergency Grievance form requesting a refill denied on October 12, 2018, Ex. A.

In a response filed on October 19, 2018, Defendant Romeo Aranas responded that Plaintiff received a 90-day supply of eye drops on August 28, 2018 and therefore is not scheduled to receive a refill until November 26, 2018. ECF No. 23. Defendant does not dispute that Plaintiff has depleted his supply of eye drops but alleges that Plaintiff has overused his prescription.

## II.    LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a

preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other <u>Winter</u> elements. <u>Id.</u> at 1134-35 (citation omitted).

**III. DISCUSSION**

The parties do not dispute that Plaintiff has depleted his supply of the prescription eye drops and that Plaintiff's eye health depends on the continued use of this prescription medication. The parties only dispute whether Plaintiff is limited by his prescription to a certain number of eye drops per month or whether Plaintiff is permitted by his physician to receive eye drop prescription refills at his request.

Defendant provides no medical reason why Plaintiff should not receive a refill of his eye drops at this time. Defendant has not, for example, argued that Plaintiff's medication is subject to abuse or that overuse could be harmful to Plaintiff. Defendant has not provided any evidence that Plaintiff has deliberately misused or wasted his medication.

The Court finds that the four <u>Winter</u> factors weigh in favor of Plaintiff, as detailed below. The Court therefore finds that it is appropriate to issue a TRO for an immediate refill of Plaintiff's prescription eye drops to ensure that Plaintiff has continued access to his prescription pending a hearing to determine whether to issue a permanent injunction.

**a. Likelihood of Success on the Merits**

Plaintiff has alleged that Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), <u>overruled on other grounds by</u> <u>Peralta v. Dillard</u>, 744 F.3d 1076 (9th Cir. 2014). To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-1060. To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

The Court finds that Plaintiff has established a likelihood of success on the merits. A corneal transplant is a serious medical procedure requiring significant aftercare and whose failure could have devastating negative consequences for Plaintiff's daily activities. Prison medical staff is aware that Plaintiff had been prescribed specific eye drops and that his body may reject his transplant if he does not use the prescribed drops. By failing to have Plaintiff's prescription filled as soon as it ran out and not responding in a timely manner when Plaintiff requested refills, prison medical staff knowingly endangered the success of the transplant and Plaintiff's sight in one of his eyes. Although Plaintiff has not rejected the transplant so far, Plaintiff alleges feeling pressure and sharp pains in his right eye when he did not receive the eye drops. Plaintiff has submitted exhibits verifying the existence of the corneal transplant, the ongoing prescription, and his various complaints.

The Court rejects the Defendant's unsupported argument that it is somehow the Plaintiff's 'fault' for the alleged early depletion of his eye medication. Defendant offers no evidence that Plaintiff has misused the prescription. Defendant does not dispute that the medicine is depleted. Defendant does not dispute that the medicine is essential to the health of the Plaintiff's eye. Even if Plaintiff was somehow inadvertently yet inefficiently applying his medication, the Defendant's response—not providing medication that could prevent the loss of Plaintiff's sight in one eye—is not supported by the law.

**b. Irreparable Harm**

Plaintiff has clearly established the possibility of irreparable harm if he is not ensured

access to his prescription. If his body rejects the transplant, he could lose vision in his right eye, a condition that would significantly impair his ability to function.

### c. Balance of Equities

The Court finds that the balance of equities tilts in favor of Plaintiff, given that he was prescribed these eye drops by a doctor after receiving a procedure that Defendant authorized. The Defendant has not established more than a *de minimis* burden, if that, in the provision of the requested refill. However, the consequence to Plaintiff of not having access to this medication could be disastrous.

### d. Public Interest

The Court also finds that the public interest is in Plaintiff's favor. The public has a strong interest in ensuring that inmates are given access to adequate health care and do not have their constitutional rights violated while incarcerated.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant provide Plaintiff with at least a 30-day refill of Plaintiff's prescription eye drops **by 5:00 p.m. on October 23, 2018**. Any **failure to comply** with this order will result in monetary sanctions of up to **$500 per day** beginning on **October 25, 2018** (and continuing until the eye drops are provided) and may include case-dispositive sanctions for a continuing violation.

**IT IS FURTHER ORDERED** that Plaintiff shall be provided with a written copy of this order by October 24, 2018.

**IT IS FURTHER ORDERED** that a hearing regarding Motion for Emergency Injunction (ECF No. 21) is set for November 2, 2018 at 1:00 PM in LV Courtroom 7C before Judge Richard F. Boulware, II.

DATED: October 22, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**