UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVAN RATCLIFF,<br><br>          Plaintiff,<br><br>    v.<br><br>ROMEO ARANAS, et al,<br><br>          Defendants. | Case No. 2:18-cv-00721-RFB-DJA<br><br>**EMERGENCY ORDER FOR MEDICAL TREATMENT** |

### I.    INTRODUCTION

Before the Court is Plaintiff's Motion for Emergency Injunction and/or Protective Order. ECF No. 109. The Court issues a Temporary Restraining Order.

### II.    BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background from its previous issuance of a temporary restraining order on October 2, 2018. ECF No. 24.

Further, Plaintiff filed the instant motion on September 3, 2020. Plaintiff states he began to experience "extreme pain" in his right eye at 3:45 AM on August 27, 2020. ECF No. 109 at 1. Plaintiff previously received a cornea transplant in this eye, which has sixteen stitches as a result. Id. Plaintiff told the nurse during pill call that it appears that one of the stiches in his eye from the surgery has come loose. Id. Though Plaintiff has filed multiple grievances and gone to the infirmary requesting to be seen by a doctor or taken to the emergency room, he has yet to see a doctor. Id. at 1-3. Plaintiff states his pain is a "ten out of ten" and that as of August 29, 2020, he has experienced "a yellow discharge along with a red discharge" coming from his eye. Id. at 2.

### III. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### IV. DISCUSSION

#### a. Likelihood of success on the merits

In his complaint, Plaintiff has alleged that Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition

could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-1060. To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

The Court has previously held in issuing a temporary restraining order in this case that Plaintiff is likely to succeed on the merits of his Eighth Amendment claim, and the Court's finding as to the likelihood of success on the merits remains unchanged. See ECF No. 24 at 4. As the Court has previously found, "A corneal transplant is a serious medical procedure requiring significant aftercare and whose failure could have devastating negative consequences for Plaintiff's daily activities." Id. Prison staff are aware of Plaintiff's corneal transplant, yet Plaintiff contends that despite his repeated requests to be seen to address this emergent and severe pain in his eye, and despite his repeated insistence that he is experiencing excruciating pain and worried one of his stitches has come loose, he has not yet been seen by a doctor. By failing to provide Plaintiff immediate and appropriate follow-up care to address his pain as well as treat what is evidently a serious complication in terms of the yellow and red discharge from his eye, prison officials are once more knowingly endangering the success of Plaintiff's transplant and his vision.

**b. Irreparable harm**

Plaintiff will clearly face irreparable harm if he is not seen by a medical provider to address the pain in his eye, as he alleges that he may lose the eye if it goes untreated. Plaintiff states that the specialist who performed his transplant, Dr. Ksenia Stafeeva, indicated to him that if one of his sixteen stiches were to come loose, he was to return for treatment immediately. ECF No. 109 at 3. Not only does Plaintiff face irreparable harm in the potential loss of his eye, he is experiencing

ongoing pain that remains untreated, and constitutes ongoing harm in and of itself. Furthermore, Defendants are not in compliance with Dr. Stafeeva's post-operative orders for Plaintiff's care.

### c. Balance of the Equities

The balance of the equities is squarely in Plaintiff's favor. Defendants are constitutionally required to provide Plaintiff appropriate care.

### d. Public Interest

The Court also finds that the public interest is in Plaintiff's favor. The public has a strong interest in ensuring that inmates are given access to adequate health care and do not have their constitutional rights violated while incarcerated.

### e. Nature of the Relief

The Prison Litigation Reform Act mandates that preliminary injunctive relief be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(1),(2). It further requires that issuing courts give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. Id.

The Court therefore orders that Plaintiff be seen by a medical doctor at Southern Desert Correctional Center by the close of business (5:00 p.m.) Friday, September 4, 2020, to assess the extent to which Plaintiff's condition requires emergency care and attention, and the potential for damage to or loss of his eye or vision in the absence of appropriate care. The Court finds this relief is narrowly draw and extends no further than to correct the harm Plaintiff is currently enduring, and is the least intrusive means necessary, as it calls upon a medical provider employed within the prison to make the initial assessment as to Plaintiff's condition. The Court has given substantial weight to any adverse impact on public safety or the operation of the criminal justice system in shaping the nature of the relief.

**V.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants provide Plaintiff an appointment with a medical doctor by the end of business **Friday, September 4, 2020**, to assess Plaintiff's condition and determine if emergency intervention is warranted.

**IT IS FURTHER ORDERED** that Defendants file a Notice of Compliance by Saturday, September 5, 2020, to indicate that they have complied with this order.

**DATED:** September 3, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**