1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

EVAN RATCLIFF,

                Plaintiff,

     v.

ROMEO ARANAS, ET AL.,

                Defendants.

Case No. 2:18-cv-00721-RFB-DJA

**ORDER AND
REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Sanctions (ECF No. 110), filed on September 3, 2020. Defendants filed a Response (ECF No. 121) on September 17, 2020 and Plaintiff filed a Reply (ECF No. 131) on September 30, 2020. Plaintiff requests sanctions, apparently pursuant to Fed.R.Civ.P. 11 or the Court's inherent authority, but lacks any basis for his request as he seems to reference past conduct by Defendants in allegedly denying him medical treatment for his eye conditions. Defendants assert that the District Judge issued a Temporary Restraining Order (ECF No. 111) on the same day that Plaintiff's Motion was docketed. The Court notes that Plaintiff's Motion was dated prior to the District Judge's Order being issued as he signed and mailed it on August 29, 2020. Further, Defendants have complied with the District Judge's Order ECF No. 111. As such, the Court finds that the District Judge resolved the outstanding issue with Plaintiff's treatment in his Order on September 30, 2020 (ECF No. 111) and there is no basis to issue sanctions against Defendants.

This matter is also before the Court on Plaintiff's Motion to Substitute Party (ECF No. 112), filed on September 4, 2020. Defendants filed a Response (ECF No. 125) on September 18, 2020 and Plaintiff filed a Reply (ECF No. 128) on September 29, 2020. The parties agree that Plaintiff should be allowed to substitute out the deceased Defendant Scott Mattinson, who was the Director of Nursing sued in his individual and official capacities. However, Plaintiff seeks to

1    substitute with the current Defendant Dr. Michael Minev while Defendants assert he would not be

2    the proper party.  The Court agrees with Defendants that the proper party to be substituted in

3    place of the deceased Defendant Scott Mattinson is the current Director of Nursing, Ben

4    Gutierrez.  Indeed, Dr. Minev is already sued in his individual and official capacities with

5    allegations made by Plaintiff directly against Dr. Minev.  As such, he is not the proper substitute

6    under Fed.R.Civ.P. 25.  Therefore, it will recommend that the District Judge implement the

7    substitution of Ben Gutierrez in his official capacity only instead of Plaintiff's proposed party.

8          Finally, this matter is before the Court on Plaintiff's Motion to Be Allowed to Depose

9    (ECF No. 120), filed on September 16, 2020.  To date, no response has been filed.  However, the

10   Court finds that Plaintiff has failed to properly support his request to conduct a deposition with

11   the Court's assistance of Dr. Stafeeva because he went for an eye appointment on September 9,

12   2020 for a loose stitch in his eye.  It is unclear what assistance Plaintiff is requesting from the

13   Court to conduct this additional deposition or why it is necessary for the prosecution of his case.

14   As Plaintiff has failed to provide any points and authority in support of the request, the Court will

15   deny it.

16                                              **ORDER**

17        **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 110) is

18   **denied**.

19        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Be Allowed to Depose (ECF

20   No. 120) is **denied**.

21                                       **RECOMMENDATION**

22        **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Substitute Party (ECF No.

23   112) **be granted in part and denied in part** such that Plaintiff be permitted to substitute Ben

24   Gutierrez in his official capacity only in place of deceased Scott Mattinson and Defendant

25   Mattinson be dismissed from this case.

26                                              **NOTICE**

27        Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

28   in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The

1   Supreme Court has held that the courts of appeal may determine that an appeal has been waived

2   due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

3   (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file

4   objections within the specified time and (2) failure to properly address and brief the objectionable

5   issues waives the right to appeal the District Court's order and/or appeal factual issues from the

6   order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

7   *Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

8

9        DATED: October 14, 2020.

10                                                            _____

11                                                            DANIEL J. ALBREGTS
                                                              UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28